873 F.2d 1292
 10 U.S.P.Q.2d 1794
 KENNECOTT CORPORATION, Petitioner,
v.
UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF
CALIFORNIA, Respondent,
and
KYOCERA INTERNATIONAL, INC., et al., Real Parties in Interest.
 No. 88-7511.
 United States Court of Appeals,
Ninth Circuit.
 Submitted May 3, 1989.
Decided May 3, 1989.
 
 Before POOLE, BEEZER and TROTT, Circuit Judges.
 
 ORDER
 
 1
 Kennecott Corporation petitions for a writ of mandamus directing the United States District Court for the Southern District of California to: 1) vacate its order denying Kennecott's motion to disqualify opposing counsel and; 2) enter an order disqualifying opposing counsel for all purposes. We find that Kennecott should have filed a petition for review in the Court of Appeals for the Federal Circuit and we therefore deny the petition without prejudice pending the Federal Circuit's determination of reviewability.
 
 
 2
 Kennecott Corporation instituted a patent infringement action in the United States District Court for the Southern District of California against Kyocera International, Inc. and Kyoto Ceramic Co., Ltd. (hereinafter "Kyocera"). Jurisdiction in the district court was based on 28 U.S.C. Sec. 1338. On November 21, 1988, Kennecott moved to disqualify Kyocera's counsel, the law firm of Spensley Horn Jubas & Lubitz, for an alleged conflict of interest. The district court denied Kennecott's motion on December 1 and certified the issue for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b).
 
 
 3
 On December 12, 1988, Kennecott filed a petition for writ of mandamus in this court. Kennecott concedes that the Court of Appeals for the Federal Circuit has exclusive jurisdiction of interlocutory and final appeals under 28 U.S.C. Secs. 1292(c)(1) and 1295(a). However, Kennecott contends that the petition was properly filed in this court since review is effectively unavailable in the Federal Circuit.
 
 
 4
 Kennecott employs the following analysis to explain its position: Because the denial of a motion to disqualify counsel is procedural in nature, the Federal Circuit looks to the law of the circuit in which the district court is located (here, the Ninth Circuit) to determine the reviewability of the order. Panduit Corp. v. All States Plastic, 744 F.2d 1564, 1574-75 (Fed.Cir.1984). The Ninth Circuit has held that a denial of a motion to disqualify counsel is not appealable under either 28 U.S.C. Sec. 1291 or 28 U.S.C. Sec. 1292(b); instead it treats such an appeal as a petition for mandamus. Unified Sewerage Agency, Etc. v. Jelco Inc., 646 F.2d 1339, 1344 (9th Cir.1981). Thus, the Federal Circuit, following Ninth Circuit law, would only review this case as a petition for mandamus. Because the Federal Circuit has taken a restrictive view on the scope of its authority to entertain petitions for mandamus which relate to procedural matters, In re Innotron Diagnostics, 800 F.2d 1077, 1082 (Fed.Cir.1986), review is effectively unavailable in the Federal Circuit.
 
 
 5
 Kennecott's assertion that review is unavailable in the Federal Circuit is undercut by the Federal Circuit's recent opinions in Telectronics Proprietary, Ltd. v. Medtronic, Inc., 836 F.2d 1332 (Fed.Cir.1988) and Atasi Corp. v. Seagate Technology, 847 F.2d 826 (Fed.Cir.1988). In Telectronics, the District Court for the Southern District of New York denied a motion to disqualify counsel and subsequently certified the issue for interlocutory appeal. The Federal Circuit, with little comment, determined that it would review the appeal in accordance with 28 U.S.C. Sec. 1292(c)(1). Id. at 1335.
 
 
 6
 In Atasi, the District Court for the Northern District of California granted a motion to disqualify counsel and certified the issue for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). The Federal Circuit determined that it would review the appeal, stating that "[a]s a matter of policy the Federal Circuit reviews procedural matters that are not unique to patent matters under the law of the particular regional circuit court where appeals from the district court would normally lie." Id. at 829 (citing Sun Studs, Inc. v. Applied Theory Associates, 772 F.2d 1557, 1566 (Fed.Cir.1985); Panduit, 744 F.2d at 1574-75). The court noted that although an order disqualifying counsel is not appealable as a final judgment under Richardson-Merrell v. Koller, 472 U.S. 424, 432, 440-41, 105 S.Ct. 2757, 2765-66, 86 L.Ed.2d 340 (1985), the present appeal was properly before the court under the certification procedure of 28 U.S.C. Sec. 1292(b). Atasi, 847 F.2d at 829 n. 2.
 
 
 7
 The Atasi and Telectronics decisions leave little doubt as to the Federal Circuit's willingness to review interlocutory appeals of a district court's order refusing to disqualify counsel. The language in Atasi suggests that the Federal Circuit will review procedural matters in cases within its jurisdiction to the full extent permitted by the Supreme Court. See Atasi, 847 F.2d at 829, 829 n. 2. In light of the Supreme Court's authorization of interlocutory review of orders refusing to disqualify counsel, see Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 378-79 n. 13, 101 S.Ct. 669, 675-76 n. 13, 66 L.Ed.2d 571 (1981), and the Federal Circuit's decision in Telectronics, 836 F.2d at 1332, it seems quite likely that the Federal Circuit would review Kennecott's Sec. 1292(b) appeal of the district court's order refusing to disqualify counsel.[1]
 
 
 8
 In the present case, it is undisputed that the Federal Circuit will possess exclusive appellate jurisdiction over a final judgment on the merits of the underlying matter. Even if this court were empowered to issue a writ of mandamus in a case in which we lack appellate jurisdiction, a question that we need not resolve at this time, we believe that the present appeal is most appropriately pursued in the Federal Circuit. Review in the Federal Circuit will place the matter in the hands of the court which has the greatest interest in the resolution of issues in dispute and will avoid the possibility of intercircuit conflict on issues arising within a single case.
 
 
 9
 As the statutory period for seeking interlocutory review has elapsed, see 28 U.S.C. Sec. 1292(b), we believe that the interests of justice require that the matter be transferred to the Federal Circuit pursuant to 28 U.S.C. Sec. 1631. Accordingly, the petition for writ of mandamus is denied, and the matter is hereby transferred to the Court of Appeals for the Federal Circuit. Should the Federal Circuit decline to review the appeal, Kennecott may renew its petition before this court.
 
 
 10
 PETITION DENIED; TRANSFER ORDERED.
 
 
 11
 Counsel for all parties, after hearing the reading of this order in open court, having expressed no objection, the mandate is ordered to be issued forthwith.
 
 
 
 [1]
 In determining that the Federal Circuit would likely review this appeal, we reject Kennecott's assertion that the Federal Circuit looks to the law of the circuit in which the district court is located to determine reviewability. While the Federal Circuit does utilize the law of the circuit in which the district court is located to determine procedural matters, Panduit, 744 F.2d at 1574-75, reviewability is jurisdictional, not procedural in nature. In making a determination of reviewability, the Federal Circuit looks to its own body of case law. See e.g., Atasi, 847 F.2d at 829; Telectronics, 836 F.2d at 1335; Sun Studs, 772 F.2d at 1566; In re Mark Industries, 751 F.2d 1219, 1222 (Fed.Cir.1984); Panduit, 744 F.2d at 1571-73